IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORDAN CHARLES DEMONTINEY,<br><br>Defendant. | CR-09-91-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Defendant Jordan Demontiney was accused of violating the conditions of his supervised release by consuming alcohol, entering a bar, and consuming methamphetamine. He admitted to the violations. Mr. Demontiney should be ordered into custody for 11 months, with 49 months supervised release to follow.

## II. Status

Mr. Demontiney pled guilty in 2009 to Second Degree Murder. CD 10. The offense consisted of Mr. Demontiney and a co-defendant beating and stabbing a man to death while drinking alcohol. CD 7. He was sentenced in November 2009 to 108 months imprisonment, with five years supervised release to follow. CD 18. Mr. Demontiney signed the terms of his supervision on March 20, 2013. CD 21.

**Petition**

The United States Probation Office filed a petition on May 14, 2013, asking the court to revoke Mr. Demontiney's supervised release. CD 21. The petition alleged that Mr. Demontiney violated two conditions of his supervised release. It alleged he: 1) violated Special Condition 3 by entering a bar and consuming alcohol in April and May of 2013 ; and 2) violated the Preamble to Standard Conditions by consuming methamphetamine , for which a urine sample he submitted on April 30, 2013 tested positive. CD 21. Based on the petition, the undersigned issued a warrant for Mr. Demontiney's arrest. CD 22.

**Initial Appearance**

Mr. Demontiney was arrested on May 23, 2013. CD 23. He made an initial appearance before the undersigned on May 24, 2013. CD 24. Mr. Demontiney was represented by Federal Defender David Ness, who was appointed to represent him.

CD 26. Assistant United States Attorney Kory Larson represented the United States. The undersigned explained the Findings and Recommendations procedure, including Mr. Demontiney's right to object to the recommendation and his right to appear and allocute before the judge who will make the revocation determination, United States District Judge Dana L. Christensen.

Mr. Demontiney said he had read the petition and understood the allegations. Mr. Larson stated that Mr. Demontiney could be ordered to as much as 60 months incarceration if his supervised release is revoked. Mr. Ness agreed. A revocation hearing was scheduled for June 4, 2013, in Great Falls, Montana.

**Revocation Hearing**

Mr. Demontiney appeared at the scheduled revocation hearing with Mr. Ness. However, Mr. Ness explained that a witness was unable to attend that day. The hearing was continued at his request. CD 31. It was eventually rescheduled for June 18, 2013, on Mr. Demontiney's motion.

Mr. Domontiney appeared at the re-scheduled hearing with Mr. Ness. Assistant United States Attorney Laura Weiss represented the United States. Mr. Demontiney admitted to the violations alleged in the petition, except to the allegation in the narrative section of Violation 1 that he had been involved in an assault. Ms. Weiss said the government would not contend for purposes of the

revocation hearing that Mr. Demontiney had been involved in an assault.

The undersigned found the admission adequate to establish supervised release violations, and believes the violations warrant revocation. The undersigned reviewed the Findings and Recommendations procedure, explaining to Mr. Demontiney that the undersigned will submit a recommendation to Judge Christensen, who will decide whether to revoke Mr. Demontiney's supervised release and impose a sanction. Mr. Demontiney was advised that he may object to these Findings and Recommendations within 14 days of their issuance. He was advised that he has a right to appear and allocute before Judge Christensen, but must properly object to these Findings and Recommendations to preserve that right.

The undersigned calculated the sentencing guidelines as follows: Mr. Demontiney's violation grade is C, his criminal history category is III, and his underlying offense is a Class A felony. Under those circumstances, he could face a maximum sanction of 60 months in custody. The guidelines call for 5 to 11 months in custody. Mr. Demontiney could also be placed on supervised release for up to 60 months (less any custody time imposed). The parties agreed with those calculations.

Mr. Ness explained that he had been working on finding a substance abuse

treatment center that would offer admission to Mr. Demontiney, but had been unsuccessful. Mr. Ness said inpatient treatment was not currently available as a sanction. Mr. Ness called Mr. Demontiney's mother, Natalie Demontiney, as a witness. She said that she had also been working unsuccessfully to arrange inpatient treatment for her son, but still hoped that something could be arranged.

Mr. Ness requested a sanction that includes little or no time in custody, but requires Mr. Demontiney to obtain substance abuse treatment. Mr. Ness said that Mr. Demontiney had been to numerous adult and juvenile detention facilities, but had never received systematic substance abuse treatment. Mr. Ness argued that additional incarceration would not rehabilitate Mr. Demontiney, who has been imprisoned since the age of 16. Instead, Mr. Demontiney should get treatment and learn to live in the community, Mr. Ness argued.

Mr. Demontiney addressed the court. He said that he made a real effort after his release to address his substance abuse issues, enrolling in and attending treatment sessions. However, he explained that his return to the community was very difficult because he had spent much of his life incarcerated, and returned to family and community he hardly knew. He had not had the substance abuse treatment he needed while in prison, and was unprepared for life in the community.

Ms. Weiss requested a sanction of 11 months in custody, with supervised

release to follow. She reminded the court that Mr. Demontiney's underlying offense was an exceptionally violent crime, which Mr. Demontiney committed while consuming alcohol. She argued that the common denominator of alcohol made the recent violations particularly troubling. Ms. Weiss also noted that any sanction imposed for a supervised release violation is primarily intended to address the defendant's breach of the court's trust. She argued that Mr. Demontiney had badly breached the court's trust by violating his conditions several times very soon after his release, which justified a sanction at the high end of the guideline range.

## III. Analysis

Mr. Demontiney's supervised release should be revoked. He admitted to consuming alcohol at least three times, consuming methamphetamine, and visiting a bar. All three are willful violations of his supervised release conditions.

Mr. Demontiney should be ordered into the custody of the Bureau of Prisons for 11 months. A sanction at the high end of the guideline range is warranted because Mr. Demontiney committed several violations very early in his supervised release terms. The violations included substance abuse – a nexus to the underlying offense. If Mr. Demontiney does not obey the terms of his supervised release, particularly with respect to drugs and alcohol, this breach of trust poses a serious danger to the community. Therefore it is critical to impose a sanction that is likely

to encourage his future compliance.

Mr. Demontiney should also be committed to supervised release for 49 months after his release from custody. The maximum term of supervised release should be imposed because Mr. Demontiney struggles to comply with the conditions of supervised release and with substance abuse. His criminal record reflects that his substance abuse can create a danger to the community. Supervised release will encourage Mr. Demontiney to remain sober, which will improve his chance of a successful re-integration into the community, and will also protect members of the community.

## IV. Conclusion

Mr. Demontiney was told that the above sentence would be recommended to Judge Christensen. He was reminded that he may object to these Findings and Recommendations, and that there is no drawback to doing so. He was further reminded that, so long as he properly objects to these Findings and Recommendations within 14 days after issuance, he will preserve his right to appear and allocute before Judge Christensen.

The court **FINDS:**

1. Mr. Demontiney violated Special Condition 3 of his supervised release by consuming alcohol on April 29, 2013, and by entering the Jitterbugs Bar in Box Elder, Montana, on May 6, 2013.

2. Mr. Demontiney violated the Preamble to Standard Conditions of his supervised release by consuming methamphetamine, a controlled substance, which was detected in a urine sample he submitted on April 30, 2013.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Demontiney's supervised release and committing him to the custody of the United States Bureau of Prisons for 11 months, with 49 months supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 19th day of June, 2013.

Keith Strong
United States Magistrate Judge