IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
JUL 09 2013
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORDAN CHARLES DEMONTINEY,<br><br>Defendant. | CR 09-91-GF-DLC<br><br>ORDER |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on June 19, 2013. Defendant admitted he had violated the Preamble to the Standard Conditions by consuming methamphetamine, and violated Special Condition 3 by entering a bar and consuming alcohol. Judge Strong found the admissions sufficient to establish the supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 11 months, to be followed by 49 months of supervised release.

Defendant objected to Judge Strong's findings and recommendations, stating there is no indication that additional prison time will help rehabilitate him. Defendant has a long criminal history, including long-term confinement as a youth, and has never received systematic substance abuse treatment. Thus, he argues, more prison time would be counterproductive. Defendant contends additional imprisonment will not "improve the odds of a successful transition from prison to liberty," citing *United States v. Huerta-Pimental*, 445 F.3d 1220, 1222 (9th Cir. 2006). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1319 (9th Cir. 1981).

After reviewing Defendant's objections, this Court agrees with Judge Strong's findings and recommendation. Defendant admitted that he violated the Preamble to the Standard Conditions and Special Condition 3. The United States Sentencing Guidelines call for 5 to 11 months imprisonment. A sentence of 11 months custody followed by 49 months of supervised release is appropriate because Defendant violated the terms of his supervised release shortly after he was placed on supervision. The violations included the use of methamphetamine, which presents a danger to the community. The recommended term of imprisonment will impress upon Defendant the importance of complying with his

supervised release conditions. A lengthy term of supervised release will encourage Defendant to remain sober, which will improve his chance of a successful re-integration into the community.

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc. 35) are ADOPTED in full and Judgment shall be entered accordingly.

Dated this 9th day of July, 2013.

Dana L. Christensen, Chief Judge
United States District Court